**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Johnathan Ian Burns,<br><br>    Petitioner,<br><br>v.<br><br>David Shinn, et al.,<br><br>    Respondents. | No. CV-21-1173-PHX-SPL<br><br>DEATH PENALTY CASE<br><br>**ORDER** |

Petitioner Johnathan Burns is an Arizona death row inmate seeking habeas relief. Respondents are the Director of the Arizona Department of Corrections, Rehabilitation, and Reentry and Wardens at the Arizona State Prison Complex (Eyman and Florence). They have moved to have the Court preclude Burns' defense team from initiating direct contact with the victims. (Doc. 11.) Burns responded, opposing the motion, to which Respondents replied. (Docs. 12–13.) For the reasons set forth below, the Motion to Preclude Victim Contact is denied.

**I.**    **Background**

A jury convicted Burns of first-degree murder and other crimes and sentenced him to death for the killing of Jackie H. *State v. Burns*, 344 P.3d 303, 312–13 (Ariz. 2015). The Arizona Supreme Court affirmed. *Id.*

After unsuccessfully pursuing postconviction relief in state court, Burns filed a notice of intent to seek habeas corpus relief in this Court. (Doc. 1.) The Court appointed counsel (Doc. 5), and Respondents filed the pending motion (Doc. 11).

## II. Discussion

Respondents ask the Court to preclude Burns' defense team from initiating direct contact with any statutory victim in this case and to order any such contact be initiated through Respondents' counsel. (*Id.*) Respondents' motion relies on the federal Crime Victims' Rights Act of 2004 ("CVRA") and Arizona's Victims' Bill of Rights ("VBR"), as well as implementing statutory provisions. (*See id.* at 1–2.) Burns argues that Respondents lack standing to enforce the provisions of the CVRA in these federal habeas proceedings. (Doc. 12 at 2.) He also contends that Respondents' motion is legally insufficient because it does not identify any victim in this case (*id.* at 5–6)[1], that the CVRA does not provide for the relief Respondents seek (*id.* at 6–8), and that issuing the requested order would be an inappropriate use of the Court's inherent authority (*id.* at 8–15). Burns' arguments are well taken.

### A. Standing

The CVRA states that in federal habeas proceedings arising from state court convictions, the court shall ensure that a crime victim is afforded, as relevant here, "[t]he right to be treated with fairness and with respect for the victim's dignity and privacy." 18 U.S.C. § 3771(a)(8), (b)(2)(A). Respondents, however, do not have statutory authority to invoke the CVRA on a state crime victim's behalf. *See*, *e.g., Miller v. Shinn*, No. CV-21-00992-PHX-ROS, 2021 WL 4503461, at *2 (D. Ariz. Oct. 1, 2021); *Forde v. Shinn*, No. CV-21-00098-TUC-SHR, 2021 WL 2555430, at *2 (D. Ariz. June 22, 2021).

While the Government may assert a victim's rights in a federal criminal trial, *see* 18 U.S.C. § 3771(a) and (d)(1), only "the crime victim or the crime victim's lawful representative" may enforce the CVRA in federal habeas proceedings, *id*. § 3771(b)(2)(B)(i).

Respondents point out that § 3771(b)(2)(B) provides that crime victim rights in

---

[1] Because the Court denies Respondents' motion, it does not address Burns' argument that Respondents motion is legally sufficient because it fails to name specific persons that satisfy the definition of "crime victim" under the CVRA.

- 2 -

habeas proceedings are to be enforced "in the manner described in paragraphs (1) and (3) of subsection (d)." (Doc. 13 at 2.) Subsection (d) allows the "crime victim or the crime victim's lawful representative, and the attorney for the Government to assert the rights described in subsection (a)." 18 U.S.C. § 3771(d)(1). But the statute denotes the "Government" specifically as the "[o]fficers and employees of the Department of Justice" or other "departments and agencies of the United States"; there is no correlative reference to state Attorneys General or prosecutors. *Id*. § 3771(c). While the Government, i.e., federal prosecutors, may seek to enforce all of the rights afforded in subsection (a), the more specific habeas provision, subsection (b)(2)(B)(i), provides for enforcement by only the crime victim or the crime victim's lawful representative. *See Little Sisters of the Poor Saints Peter and Paul Home v. Pennsylvania*, 140 S.C. 2367, 2381 (2020) ("It is a fundamental principle of statutory interpretation that" courts cannot provide "absent provisions"); *see also Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 384 (1992) (It is "a commonplace of statutory construction that the specific governs the general."). Respondents therefore lack standing under the CVRA.

They also lack standing under the VBR. Burns does not challenge Respondents' standing to enforce this law. Even so, the Court has an independent duty to assure standing exists. *See Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009). In Arizona, "a prosecutor does not 'represent' the victim in a criminal trial." *State ex rel. Romley v. Super. Ct. In & For the Cty. of Maricopa*, 891 P.2d 246, 250 (Ariz. Ct. App. 1995).[2] Nor can the Court assume that Respondents' interests and the victims' interests are coextensive. Finally, as Burns notes, Respondents have not asserted that any victim in this case has expressed a desire to avoid direct contact with Burns' counsel.

Accordingly, the Court will deny Respondents' motion for lack of standing.

---

[2] Under Rule 39 of Arizona Rules of Criminal Procedure, a state prosecutor does have standing to assert any of the rights a victim is entitled to in any criminal proceeding upon the victim's request. *See* Ariz. R. Crim. P. 39(d)(2). The Rule acknowledges that conflicts may arise between the prosecutor and the victim in asserting the victim's rights and provides a mechanism for resolving them. *See* Ariz. R. Crim. P. 39(d)(3).

**B.     Arizona State Law**

Even if Respondents had standing to enforce the CVRA, the relevant state statutory provision they seek to invoke through the CVRA expires at the conclusion of state court proceedings. *See Miller*, 2021 WL 4503461, at *2; *Forde*, 2021 WL 2555430, at *2. The Arizona law at issue, A.R.S. § 13-4433(B), is one of several provisions enacted to implement the VBR. These provisions are known as the Crime-Victims' Rights Implementation Act, A.R.S. § 13-4401 *et seq.* ("CVRIA"). The VBR consists of 12 specific rights to "preserve and protect victims' rights to justice and due process," including the right of a crime victim "[t]o be treated with fairness, respect, and dignity, and to be free from intimidation, harassment or abuse, throughout the criminal justice process." Ariz. Const. Art. 2, § 2.1(A)(1); *see also State ex rel. Romley v. Hutt*, 987 P.2d 218, 221 (Ariz. Ct. App. 1999) (discussing provisions of Arizona's Victims' Bill of Rights and implementing legislation). Under § 13-4433(B), defense counsel may contact the victim or the victim's immediate family only through the prosecutor.[3] The latter provision is not a right provided to victims by the Arizona Constitution.

Contrary to Respondents' assertion that "the Arizona Legislature has specifically directed that Arizona's victims' rights protections apply until a case's final disposition, including during related federal court litigation" (Doc. 11 at 5), the statutory provisions of the VBR contemplate that the rights and duties established under § 13-4433(B) expire at the conclusion of state court proceedings, *see* A.R.S. § 13-4402(A); *see also* Ariz. R. Crim. P. 39(a)(3) ("A victim retains the rights provided in these rules until the rights are no longer enforceable under A.R.S. §§ 13-4402, 13-4402.01, and 13-4433."). The rights and duties established under § 13-4433(B) continue to be enforceable until the "final disposition of the charges, including . . . all post-conviction release and relief proceedings and the

---

[3] References to defense counsel in this order encompasses a defendant's attorney or any other agent of the defendant, including other members of the defense team such as investigators or paralegals.

discharge of all criminal proceedings relating to restitution."[4] A.R.S. § 13-4402(A). Section 13-4401(10) defines "final disposition" as "the ultimate termination of the criminal prosecution of a defendant by a trial court, including dismissal, acquittal or imposition of a sentence." Section 13-4401(4) defines "court" as "all state, county and municipal courts in [Arizona]." To that end, the "trial court" in A.R.S. § 13-4401(10) means a state, county, or municipal trial court in Arizona. *See Guzman v. Guzman*, 854 P.2d 1169, 1173 (Ariz. Ct. App. 1993) (citations omitted) (construing statutes "in the context of the entire statute and" considering "all of the statute's provisions to determine the legislative intent" behind the whole act and construing together "different statutes dealing with the same subject matter"). It thus excludes this Court.

Section 13-4402(A), however, does not mention a court. Nonetheless, the Court reads A.R.S. §§ 13-4401(10) and -4402(A) together and finds that the former limits the latter to state trial court proceedings. *See Guzman*, 854 P.2d at 1173. To hold otherwise would improperly create a conflict between the two and render A.R.S. § 13-4401(10) inoperative. *Mead, Samuel & Co. v. Dyar*, 622 P.2d 512, 515 (Ariz. Ct. App. 1980) (citations omitted) (recognizing the "duty to harmonize statutes whenever and to the extent possible so that both will be operative, in the absence of a manifest legislative intent to the contrary"). Respondents have not shown a manifest legislative intent to the contrary that would compel the Court to create such a conflict.

Respondents incorrectly argue that the CVRIA's definition of "appellate proceedings" suggests a continuation of protections through related federal litigation. However, § 4402(A), which provides for the cessation of § 4433's protections, does not contain the term "appellate proceedings." Respondents' suggestion that the term somehow applies to § 4433 is therefore misleading.

There is no reason to believe the term, "postconviction relief proceedings," in the relevant section includes federal habeas review. *See* A.R.S. § 13-4401(15) ("'Post-

---

[4] Neither party has indicated whether any victim is owed restitution in this matter. Because the Court finds Respondents lack standing to enforce the CVRA, evidence of restitution owed to any victim would not make a difference to the Court's final decision.

conviction relief proceeding' means a contested argument or evidentiary hearing that is held in open court and that involves a request for relief from a conviction or sentence.") By contrast, § 13-4433(H) specifically states a victim's right to refuse an interview remains enforceable "beyond a final disposition," as prescribed in § 13-4402(A). If all the statutory protections in § 13-4433 remained viable after the conclusion of state court proceedings, § 13-4433(H) would be superfluous. *State v. Moerman*, 895 P.2d 1018, 1023 (Ariz. Ct. App. 1994) (citations omitted) ("presum[ing] that the legislature does not include in statutes provisions which are redundant, void, inert, trivial, superfluous, or contradictory'").

Section 13-4433(H), moreover, demonstrates that the Arizona legislature was cognizant of the need to address the cessation of certain protections, and concomitant with the right to refuse interviews afforded victims by the Arizona Constitution, chose to enact legislation to protect a victim's right to refuse an interview even after the final disposition of the charges, but not the right to contact by the defense team only through a prosecutor's office. *Cf. Delgado v. U.S. Att'y Gen.*, 487 F.3d 855, 862 (11th Cir. 2007) (explaining that "[w]here Congress knows how to say something but chooses not to, its silence is controlling." [quotations omitted]).

Respondents note that several Courts in this District have granted relief similar to that requested here. (Doc. 11 at 2–3); *see also Johnson v. Shinn*, CV 18-00889-PHX-MTL (Dist. Ariz. Dec. 13, 2018) (Doc. 15 at 4–6) (compiling cases). But none of the cases relied on by Respondents hold that A.R.S. § 13-4433 directly applies to federal habeas proceedings[5]; instead, in those cases, the courts exercised their discretion to apply § 13-4433 for purposes of effectuating the CVRA, finding that it furthers the goal of respecting a crime victim's dignity and privacy without unduly burdening the petitioner. *See id.* While the Court is cognizant of the role comity and federalism play in habeas proceedings, Respondents have not shown that such principles require application of the CVRIA—whose relevant protections have expired by its own terms—as state law governing this

---

[5] Neither did these courts address whether Respondents had standing to invoke the protections for victims provided for in habeas cases under the CVRA.

Court's oversight of federal habeas counsel. *Cf. Armstrong v. Shinn*, CV 15-00358-PHX-RM (Dist. Ariz. Feb. 14, 2019) (Doc. 123 at 3) (finding no "good cause to incorporate the VBR or the terms of its implementing legislation, specifically A.R.S. § 13-4433, into the protections already afforded habeas victims under the federal CVRA"). As noted, the CVRA, rather than the VBR, applies to these federal habeas proceedings, and Respondents lack standing to invoke the CVRA to preclude victim contact here. *See* 18 U.S.C. § 3771(b)(2)(B)(i).

Citing *State v. Lee*, 245 P.3d 919 (Ariz. Ct. App. 2011), Respondents assert the dissipation of a victim's rights under state law after the conclusion of state court proceedings would "render those rights meaningless." (Doc. 11 at 2.) In *Lee*, an Arizona Court of Appeals held that a trial judge in a civil forfeiture case proceeding parallel to a criminal proceeding had erred by compelling pre-trial depositions of the crime victims because "the right to refuse to be deposed is immediately and completely defeated if the defendant can compel a victim to submit to a deposition in a separate proceeding." 245 P.3d at 924. However, the forfeiture proceedings in *Lee* were concurrent with the criminal proceedings and, as the court explained, the purpose underlying a victim's right to refuse a pretrial interview is to protect the victim's privacy and minimize contact with the defendant before trial. *Id.* (citing *State v. Riggs*, 942 P.2d 1159, 1162 (Ariz. 1997)). *Lee* also cites *Champlin v. Sargeant In and For Cty. of Maricopa*, which states an additional purpose of the VBR includes "the victim's right to be free from retraumatization during the pretrial process" but also emphasizes that nothing in the VBR or A.R.S. § 13-4433 "supports the argument that victims have a blanket right to be shielded from all contact with defendants or their attorneys." 965 P.2d 763, 767, ¶ 20 (Ariz. 1998).

The cases cited by Respondents (Doc. 11 at 3–4) further emphasize that the purpose of the § 4433(B) protection is to minimize unwelcome contact with a defendant *before trial*. *See J.D. v. Hegyi*, 335 P.3d 1118, 1121 (Ariz. 2014) ("[T]he right to refuse a defense interview allows a victim to avoid contact with the defendant before trial. . . . The right also respects the victim's privacy, at least in the sense of preventing unwelcome questioning by the defense *before the victim testifies in court*. Such contact or questioning

by the defense could subject the victim to further trauma. . . . ") (citations omitted) (emphasis added); *Riggs*, 942 P.2d at 1162 ("A victim's right to refuse a pretrial interview . . . stems from 'the desire to protect a victim's privacy and minimize contact with the defendant' *prior to trial*.") (citation omitted) (emphasis added).

### C.  Inherent Authority and Ripeness

The Court agrees with Respondents that it has the inherent authority to regulate this proceeding and enter orders "necessary to achieve the orderly and expeditious" resolution of its docket. *See Nat. Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 86 F.3d 464, 467 (5th Cir. 1996). It does not necessarily follow that the Court has the inherent authority to proscribe otherwise lawful conduct outside the courtroom by Burns' defense team beyond the statutorily authorized protections provided to victims under federal law. *See Miller*, 2021 WL 4503461, at *4; *Forde*, 2021 WL 2555430, at *4. Simply put, federal law does not bar a defense team from contacting victims. *See* 18 U.S.C. § 3771(b)(2)(A) and (B).

Respondents argue that the rights to dignity and privacy under the CVRA should be interpreted "to include the right to be free from unsolicited, direct contact with a prisoner's agents." (Doc. 11 at 3–4.) But a "statute's carefully crafted and detailed enforcement scheme provides 'strong evidence that Congress did *not* intend to authorize other remedies that it simply forgot to incorporate expressly.'" *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 254 (1993) (quoting *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 146 (1985)); *see also In re Kenna*, 453 F.3d 1136, 1137 (9th Cir. 2006) (rejecting victim's argument that the CVRA "confers a general right for crime victims to obtain disclosure of the [presentence report]" after "[f]ailing to find support for [the victim's] argument in either the language of the statute or the legislative history"). This Court may not judicially graft new rights onto the statute. *See Transamerica Mortg. Advisors, Inc. (TAMA) v. Lewis*, 444 U.S. 11, 19 (1979) ("[I]t is an elemental canon of statutory construction that where a statute expressly provides a particular remedy or remedies, a court must be chary of reading others into it.").

Even if the Court has inherent authority to grant the requested relief, it is not necessary at this time. *See Miller*, 2021 WL 4503461, at *4; *Forde*, 2021 WL 2555430, at

*4. Respondents assert that incorporating the VBR's restrictions would promote victims' interest in fairness, respect, and dignity. The federal CVRA, however, already specifically singles out state crime victims in federal habeas cases and provides them "[t]he right to be treated with fairness and with respect for the victim's dignity and privacy." 18 U.S.C. §§ 3771(a)(8), (b)(2)(A). The Court rejects Respondents' position that all contact with surviving victims is *per se* disrespectful and violative of a victim's privacy and dignity. If that were the case, defendants and petitioners could never contact victims in federal court under the CVRA. Respondents have not demonstrated that the protections of the CVRA are insufficient to protect state crime victims during federal habeas proceedings. There is no evidence that the victims themselves have requested such protections. Accordingly, the Court declines to directly apply the VBR's restrictions in these proceedings, or to overlay those restrictions onto the federal CVRA.

Finally, citing 28 U.S.C. § 2254(b)(1)(a) and *Cullen v. Pinholster*, 563 U.S. 170, 185 (2011)), Respondents assert that Burns has no right to discovery in habeas and therefore has no "right" to interview victims or anyone else and should not need to interview anyone because he may raise only claims that were exhausted in state court based only on the facts the state court considered. (Doc. 11 at 5–6.) However, Petitioner has not asked the Court for formal discovery; thus, Respondents are seeking a Court order precluding informal investigation.

Additionally, Respondents have oversimplified and overstated the controlling law. *Pinholster* holds only that when a claim has been adjudicated in state court, the federal court must confine its review to the state-court record in analyzing whether the petitioner can overcome the limitations of 28 U.S.C. § 2254(d)(1). 563 U.S. at 170. There are situations in which a petitioner may investigate, discover, and present new evidence to overcome the procedural default of a previously exhausted claim, *see Detrich v. Ryan*, 740 F.3d 1237, 1247 (2013) (en banc) ("In deciding whether to excuse the state-court procedural default, the district court thus should, in appropriate circumstances, allow the development of evidence . . . ."); present a new claim that may not have been previously discovered through the exercise of due diligence, *see* 28 U.S.C. § 2254(e)(2)(A); or may

overcome procedural hurdles to present new evidence directly in support of the merits of a previously defaulted claim, *see Ramirez v. Ryan*, 937 F.3d 1230 (9th Cir. 2019), and *Jones v. Shinn*, 943 F.3d 1211 (9th Cir. 1211), *consolidated and cert granted sub nom. Shinn v. Ramirez*, No. 20-1009, 2021 WL 1951793 (U.S. May 12, 2021).

This is not to say counsels' conduct regarding victims is without constraint. Arizona's Rules of Professional Conduct apply to counsel through Local Rule of Civil Procedure 83.2(e). Arizona's Rules of Professional Conduct prohibit counsel from using "means that have no substantial purpose other than to embarrass, delay, or burden any other person, or use methods of obtaining evidence that violate the legal rights of such a person." Ariz. R. Sup. Ct. 42, E. R. 3.5. As previously discussed, the victims in this case are entitled to the "right to be reasonably protected from the accused" and to be "treated with fairness and with respect for the victim's dignity and privacy." 18 U.S.C. § 3771(a)(8). The Court expects all counsel in this case to abide by these provisions. (*See* Doc. 12 [Exh. At 4 (avowal by an attorney of Burns' defense team, stating that "[b]ased on [her] training and experience, if [Burns' defense team] . . . decide[s] to contact the victims, [they] would not show up unannounced at their homes. [They] would send a letter requesting an interview and abide by any refusal.")].)

Accordingly,

**IT IS HEREBY ORDERED denying** Respondents' Motion to Preclude Direct Victim Contact (Doc. 11).

Dated this 12th day of November, 2021.

Honorable Steven P. Logan
United States District Judge

- 10 -