**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Johnathan Ian Burns, | No. CV-21-1173-PHX-SPL |
| Petitioner, | <u>DEATH PENALTY CASE</u> |
| v. | **ORDER** |
| David Shinn, et al., | |
| Respondents. | |

Pending before this Court is Petitioner Johnathan Ian Burns's Stipulation for Order Allowing In-Person/Contact Visit with Defendant. (Docs. 18.) Counsel for Petitioner and counsel for the Arizona Department of Corrections, Rehabilitation and Reentry ("ADCRR") have stipulated to the terms of the Order Allowing a Confidential In-person/Contact Visit between Mr. Burns and Dr. Weller, an expert witness retained by his counsel. (*See* Doc. 17-1.)

Mr. Burns, through counsel, has requested that ADCRR allow Dr. Weller to have a confidential contact visit him to gather information necessary for presentation of the case. Dr. Weller has informed counsel that a contact visit is necessary for her to conduct a neuropsychological evaluation of Mr. Burns. Mr. Burns is currently housed in Arizona State Prison Complex ("ASPC")-Eyman Meadows Unit, a maximum security prison facility. In order to assist this Court in determining the extent of the visitation/examination, as well as to protect ADCRR's interest in securing its prisons, the parties have agreed to the following limitations on the visit to be conducted:

1. Visitation shall take place on **Friday, May 13, 2022**, from **8:00 a.m. to 4:00 p.m.**, and **Friday, May 20, 2022**, from **8:00 a.m. to 4:00 p.m.**

2. Petitioner's counsel affirms that she has made advance arrangements with the Warden, Deputy Warden or Associate Deputy Warden of Central Unit, or a designee, to schedule such visit.

3. Petitioner's counsel affirms that the Warden, through staff, has agreed that Dr. Weller is permitted to bring a large-wheeled suitcase, a stopwatch, laptop computers with power cords, USB drives, and other office supplies necessary to conduct the evaluation including, but not limited to, manila file folders, pencils, and pens. The Warden, through his staff, may require Dr. Weller to subject all instruments, equipment, manuals, and the like to an inspection and inventory prior to and subsequent to any meeting with Mr. Burns.

4. If requested by Dr. Weller, the Deputy Warden, through staff, shall remove handcuffs from Mr. Burns, so that Dr. Weller may complete certain tests. However, Mr. Burns shall at all times remain in leg irons. ADCRR may require Mr. Burns to wear a stun belt during the meeting.

5. Both Mr. Burns and ADCRR recognize that Mr. Burns's decision not to contest ADCRR's practice of using a stun belt on Mr. Burns at this time in no way constitutes a waiver of the "stun belt issue" in any future request for a contact visit in this case or any other case. ADCRR's willingness to stipulate hereto should not be considered a waiver of any aspect of ADCRR's non-contact visitation policy.

6. Dr. Weller will be required to wear all protective gear, including any protective vest and/or safety goggles provided by ADCRR. Dr. Weller will be allowed to wear a suit jacket over the protective vest. If requested, Dr. Weller shall be allowed to remove the protective vest and safety goggles if, in her opinion, the vest and/or the goggles interfere with the testing and evaluation of Mr. Burns. Dr. Weller shall be allowed to remove the items in consultation with ADCRR personnel.

7. The meetings between Mr. Burns and Dr. Weller shall be confidential and take place in a room that allows for privacy. The room in which the meetings take place shall have a door that remains closed during the meeting. The room may have windows which allow the Deputy Warden, through staff, to observe the meeting. Dr. Weller shall sit in the chair closest to the door, and Mr. Burns shall not go between her and the door without permission.

8. Dr. Weller shall be allowed to have physical contact with Mr. Burns as is necessary to conduct testing.

9. Petitioner's counsel, Jennifer Mann or Cecilia Han, will be permitted to enter the meeting room on **Friday, May 13, 2022, at 8:00 a.m.**, for the sole purpose of introducing Dr. Weller to Mr. Burns, at which point Ms. Mann or Ms. Han will excuse herself from the meeting room for the remainder of the visit.

10. Before being allowed the contact visit authorized herein, Dr. Weller shall certify in a written release to ADCRR that she has investigated and ascertained the risks to her personal safety associated with the visit as authorized by and under the circumstances described in this order; that she agrees to assume those risks; that she releases and holds harmless ADCRR, the state of Arizona, and their officers and employees from any claim arising from death or injury associated with the risks assumed. However, such release shall not operate as a release of gross negligence on the part of ADCRR.

11. Dr. Weller will submit her personal identification information for approval for visitation to the ASPC, Eyman Meadows Unit. Her visit is contingent on this approval.

**IT IS ORDERED** that the parties' Stipulation for Order Allowing Contact Visit between Mr. Burns and Dr. Weller (Doc. 18) is **GRANTED**.

**IT IS FURTHER ORDERED** that Dr. Weller be permitted to have a confidential contact visit with Mr. Burns for neuropsychological testing under the terms stated above.

**IT IS FURTHER ORDERED** that the Clerk of Court forward a certified copy of this Order to counsel of record; to ADCRR through its Attorney General Liaison, Sarah Greener, 1601 W. Jefferson Street, Phoenix, AZ 85012 (sgreener@azadc.gov); and to

1  Ashley Zuerlein, Assistant Attorney General, Arizona Department of Corrections, 2005 N.
2  Central Avenue, Phoenix, AZ 85004-1592 (ashley.zuerlein@azag.gov).
3       Dated this 3rd day of May, 2022.

Honorable Steven P. Logan
United States District Judge