**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Johnathan Ian Burns, | No. CV-21-1173-PHX-SPL |
| Petitioner, | DEATH PENALTY CASE |
| v. | **ORDER** |
| David Shinn, et al., | |
| Respondents. | |

    Before the Court is Petitioner Johnathan Ian Burns's motion to suspend Local Rule of Civil Procedure 3.5(b). (Doc. 22.) The motion is fully briefed. (Docs. 26–27.) For the following reasons, the Court denies the motion.

**A.  Background**

    Burns, a prisoner sentenced to death, must file his initial habeas petition by June 20, 2022,[1] and an amended one by September 18, 2022. (Doc. 10 at 1; Doc. 23.) Pursuant to prior Court Order, Respondents will only be required to answer the latter. (Doc. 25 at 2.) Burns asks the Court to suspend Rule 3.5(b)'s 200-page limitation without setting a page limit. (Doc. 22 at 1–6.) Alternatively, he asks the Court to let him exceed the page limit by 100 pages and suspend the rule's requisite that he attach a proposed initial petition to his motion. (*Id*. at 5–7.) Respondents oppose the motion, without prejudice to Burns filing a

---

[1] The parties agree that this deadline is the date when the statute of limitations under Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d)(1)(A), runs. (Doc. 9 at 2.)

new motion that attaches a proposed initial petition. (Doc. 26.)

**B.     Discussion**

Rule 3.5(b) imposes a 200-page limit, as relevant here, on habeas corpus petitions filed by a prisoner sentenced to death. The rule provides that the Court may grant leave to exceed the page limit if a party demonstrates "good cause," files a motion to exceed on or before the operative deadline, and attaches a copy of the proposed filing with the motion. LRCiv 3.5(b). Local Rule 83.6 provides that the Court "may suspend" any Local Rule "for good cause shown." LRCiv 83.6.

Burns argues that the Court should suspend Rule 3.5(b) for his initial petition, as the petition will become inoperative when he amends it. (Doc. 22 at 2; Doc. 27 at 2.) To support his argument, he cites the Court's orders suspending the rule's page limitation in *Payne v. Shinn*, No. CV-20-0459-TUC-JAS (D. Ariz. Sep. 15, 2021) (Doc. 26), and *Forde v. Shinn*, No. CV-21-0098-TUC-SHR (D. Ariz. Aug. 9, 2021) (Doc. 26). (Doc. 22 at 2.) Payne and Forde filed analogous motions to suspend LRCiv 3.5(b), but respondents did not oppose those motions, and for that reason, and not based on the merits, the motions were granted.[2] That is not the case here.

The filing of an amended petition that supersedes the initial one does not establish good cause to suspend the rule, nor does it justify suspension of the requirement to attach a proposed initial petition to the motion. To be sure, the initial petition remains pertinent even after it is amended. *See Mayle v. Felix*, 545 U.S. 644, 650 (2005) ("An amended habeas petition . . . does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth."). Moreover, to suspend Rule 3.5(b) in light of an impending amended petition would nullify the rule for all initial capital habeas petitions. *See Brown v. United States*, 187 F.Supp.2d 887, 891 (E.D. Mich. 2002) (courts must assess motions to suspend a local rule "on a case-by-case basis"); *see also Verinata Health, Inc.*

---

[2] Further, in *Forde*, the Court suspended the page limit as to only the petition, and not the amended petition.

*v. Sequenom, Inc.*, No. C 12-00865 SI, 2014 WL 4100638, at *4 (N.D. Cal. Aug. 20, 2014) (denying motion that would render local rule "a nullity"). Thus, the effect of an amended petition on the initial petition does not constitute good cause to suspend Rule 3.5(b). *See*, *e.g.*, *Miller v. Shinn*, No. CV-21-00992-PHX-ROS (D. Ariz. Mar. 31, 2022) (Doc. 31 at 2).

Burns also asserts that the Court should suspend Rule 3.5(b)'s page limit because he must "plead all possible claims thoroughly." (Doc. 22 at 3–5) This non-case-specific duty is not good cause to suspend the limitation:

> [P]age limits exist to ensure cases can be litigated efficiently and those limits presumptively apply to every capital habeas case. Thus, should [p]etitioner seek to exceed the page limits regarding his initial petition, he must identify the *case-specific reasons* justifying his request. Merely arguing [p]etitioner filed very lengthy briefs in state court or that [p]etitioner has many claims he wishes to litigate will not be sufficient. Parties in all types of litigation routinely determine how to bring their filing within the page limits. Determining which arguments are viable and which are not is a core aspect of counsel's obligations. A limit of 200 pages for a capital petition is a reasonable length, subject to adjustment upon a sufficient showing.

*Miller*, No. CV-21-00992-PHX-ROS (Doc. 31 at 2). To suspend Rule 3.5(b)'s page limitation based on the duty to thoroughly raise claims—a duty that all death-row petitioners share—would annul the limitation. *See Brown*, 187 F.Supp.2d at 891, *supra* at 2–3; *see also Verinata Health, Inc.*, 2014 WL 4100638, at *4, *supra* at 2–3.

In the alternative, Burns asks the Court to let his initial petition exceed the limitation by 100 pages, suspending Rule 3.5(b)'s lodging requisite because he does not currently have a petition to lodge. (Doc. 22 at 5–7.) Yet he does not explain why he will file his initial petition by the June 20, 2022, deadline, but cannot lodge the petition with a request to exceed the page limit. As a result, he has not shown good cause to suspend the lodging requisite.

Burns, in sum, has not shown good cause to suspend Rule 3.5(b). *See Miller*, No. CV-21-00992-PHX-ROS (Doc. 31 at 2). Accordingly,

**IT IS ORDERED denying** Burns's Motion to Suspend Compliance with LRCiv. 3.5(b)'s Page Limit (Doc. 22).

**IT IS FURTHER ORDERED denying** Burns's request to exceed the page limit of his initial petition by 100 pages (Doc. 22 at 5–7) **without prejudice**. If Burns seeks to exceed Rule 3.5(b)'s 200-page limit, he must file a new motion and attach a proposed petition.

Dated this 31st day of May, 2022.

Honorable Steven P. Logan
United States District Judge