WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Johnathan Ian Burns, | No. CV-21-01173-PHX-SPL |
| Petitioner, | DEATH PENALTY CASE |
| v. | ORDER |
| Ryan Thornell, et al., | |
| Respondents. | |

Burns asks the Court to authorize his counsel to represent him in state-court proceedings relevant to this case. (Doc. 72.) Respondents take no position. (*Id*. at 2.)

Under the Criminal Justice Act of 1964 (CJA), 18 U.S.C. § 3599(a)(2), the Court appointed the Federal Public Defender, Eastern District of California, to represent Burns in this case but ordered counsel not to represent him "in state forums or prepare any state court pleadings without" the Court's "express authorization."[1] (Doc. 5 at 1.) Burns later filed his amended habeas corpus petition and has until November 17, 2023 to request to develop the evidence. (Doc. 47; Doc. 62 at 2.)

Habeas counsel previously asked the Maricopa County Attorney's Office (MCAO) for its criminal case file for Burns under the Arizona Public Records Act, A.R.S. § 39-121, *et seq*. (Doc. 72-1 at 2.) The MCAO provided the file but redacted much of the content

---

[1] The CJA "provides for the appointment of [federal] counsel for . . . indigent[ ]" defendants in federal habeas cases. *Harbison v. Bell*, 556 U.S. 180, 184–85 (2009) (citing 18 U.S.C. § 3599(a)(2)).

based on work-product privilege. (*Id*. at 3–4.) Burns seeks to contest the redactions in Arizona state court under A.R.S. § 39-121.02 (permitting special actions from the denial of public records). (*Id*. at 3; Doc. 72 at 8.)

Habeas counsel also asked the San Diego County Juvenile Court for access to Burns's "juvenile case file." (Doc. 72-1 at 4.) Absent a court order, the Juvenile Court only granted access to Burns, his counsel, and his experts. (*Id*. at 4–5.) In reviewing the file, habeas counsel found "potential mitigation witnesses" that they wished to interview, which may require refreshing the witnesses' recollections with contents of the juvenile file. (*Id*. at 5; Doc. 72 at 6–7; Doc. 72-2 at 2.) Thus, counsel wants to represent Burns in the Juvenile Court to seek leave to use his juvenile records in interviewing potential mitigation witnesses. (Doc. 72 at 9.)

Burns argues that counsel should be authorized to represent him in his planned state proceedings under the CJA. (*Id*. at 7–9.) The CJA requires that counsel represent a capital habeas petitioner "throughout every subsequent stage of available judicial proceedings, including . . . all available post-conviction process, together with application for stays of execution and other appropriate motions and procedures . . . ." 18 U.S.C. § 3599(e). Burns's planned state proceedings are subsequent to counsel's appointment and concern the development of evidence in this case.

Accordingly,

**IT IS ORDERED granting** Burns's Motion for Authorization (Doc. 72).

Dated this 5th day of June, 2023.

Honorable Steven P. Logan
United States District Judge