**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Johnathan Ian Burns,<br><br>    Petitioner,<br><br>v.<br><br>Ryan Thornell, et al.,<br><br>    Respondents. | No. CV-21-01173-PHX-SPL<br><br>DEATH PENALTY CASE<br><br>**ORDER** |

Burns asks the Court to authorize his counsel to represent him in a state-court proceeding relevant to this case. (Doc. 81.) Respondents take no position. (*Id.* at 3.)

Under the Criminal Justice Act of 1964 (CJA), 18 U.S.C. § 3599(a)(2), the Court appointed the Federal Public Defender, Eastern District of California, to represent Burns in this case but ordered counsel not to represent him "in state forums or prepare any state court pleadings without" the Court's "express authorization."[1] (Doc. 5 at 1.) Burns later filed his amended habeas corpus petition and has until November 17, 2023 to request to develop the evidence. (Doc. 47; Doc. 62 at 2.)

In seeking evidence for that request, counsel has been "investigati[ng] . . . Burns's family and social history." (Doc. 81 at 2; *see also* Docs. 59 and 74.) For instance, on June 22, 2023, a paralegal for Burns's counsel asked the San Diego County Health and Human

---

[1] The CJA "provides for the appointment of [federal] counsel for . . . indigent[ ]" defendants in federal habeas cases. *Harbison v. Bell*, 556 U.S. 180, 184–85 (2009) (citing 18 U.S.C. § 3599(a)(2)).

Services Agency for "records related to" Burns's "deceased older brother." (Doc. 81 at 1–2.) The Agency denied the request six days later, "direct[ing the paralegal] to file a motion for disclosure of the records in the San Diego County Juvenile Court." (*Id.* at 2.)

Burns argues that counsel should be authorized to represent him in this San Diego Juvenile Court proceeding under the CJA. (*Id.* at 2–3.) The CJA requires that counsel represent a capital habeas petitioner "throughout every subsequent stage of available judicial proceedings, including . . . all available post-conviction process, together with application for stays of execution and other appropriate motions and procedures . . . ." 18 U.S.C. § 3599(e). The state proceeding is subsequent to counsel's appointment and concerns the development of evidence in this case.

Accordingly,

**IT IS ORDERED granting** Burns's Motion for Authorization (Doc. 81).

Dated this 5th day of July, 2023.

Honorable Steven P. Logan
United States District Judge

- 2 -