**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Johnathan Ian Burns,<br><br>    Petitioner,<br><br>v.<br><br>Ryan Thornell, et al.,<br><br>    Respondents. | No. CV-21-01173-PHX-SPL<br><br><u>DEATH PENALTY CASE</u><br><br>**ORDER** |

    In mid-June 2022, Petitioner Johnathan Ian Burns filed an unredacted habeas petition that included juror identification information. The Court sealed the unredacted petition because it contained juror identification information. (Docs. 31–32, 35–37.) For the same reason, the Court later sealed Burns's unredacted amended petition, his combined motion to stay this case and authorize habeas counsel to represent him on state postconviction review (PCR) proceedings, and the order granting those motions.[1] (Docs. 46–50, and 86.) To date, this case remains stayed because the PCR case is ongoing. (*See* Doc. 90.) Burns now asks the Court to temporarily lift the stay and either file a redacted version of its stay order or authorize him to file a copy of the stay order under seal in the PCR court. (Doc. 91.) Respondents take no position. (*Id*. at 2.)

    There is nothing before the Court to support that granting Burns's motion will adversely affect any party. *See Louisiana Real Estate Bd. v. United States Fed. Trade*

---

[1] Burns sought the stay under *Rhines v. Weber*, 544 U.S. 269 (2005), while he exhausted certain claims on state PCR. (Doc. 48.)

*Comm'n*, No. 19-214-BAJ-RLB, 2020 WL 1817297, at *4 (M.D. La. Apr. 9, 2020) (declining to temporarily lift stay in part to avoid irreparable harm to the state). The basis for the request, moreover, appears meritorious; Burns seeks to file a copy of the stay order from this case in the PCR court. *Compare Horning v. Chappell*, No. 2:10-cv-1932 JAM GGH, 2012 WL 4764425, at *2–3 (E.D. Cal. Oct. 5, 2012) (temporarily lifting *Rhines* stay because "there is not a good reason to deny" petitioner's request to amend habeas petition), *with Reisman v. As Cooper City Lessee, LLC*, No. 21-cv-61711-BLOOM/Valle, 2022 WL 1521998, at *2–4 (S.D. Fla. May 13, 2022) (denying temporary lift of stay because the motion to amend complaint will be denied). Further, granting the request will not undermine the reason this Court sealed the stay order and underlying motions, or the state court's sealing of juror-identification information. (*See* Doc. 46 at 3–5); *State v. Burns*, 344 P.3d 303, 327 (Ariz. 2015) (noting that Burns's trial judge responded to the jurors' concern about their safety "that the juror information would be sealed by the court and unavailable to the general public").

      Accordingly, the Court will grant Burns's motion to temporarily lift the stay to the extent that it will authorize him to file a copy of this Court's stay order under seal in the PCR court.

      **IT IS ORDERED granting** Burns's Motion to Temporarily Lift Stay in part (Doc. 91) and **authorizing** Burns to file a copy of this Court's stay order (Doc. 86) under seal in state PCR court.

      **IT IS FURTHER ORDERED temporarily lifting** the stay of this case for the sole purpose of allowing Burns to file a copy of the stay order under seal in the PCR court.

      Dated this 2nd day of January, 2024.

                                              Honorable Steven P. Logan
                                              United States District Judge