**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Johnathan Ian Burns,<br><br>Petitioner,<br><br>v.<br><br>Ryan Thornell, et al.,<br><br>Respondents. | No. CV-21-01173-PHX-SPL<br><br><u>DEATH PENALTY CASE</u><br><br>**ORDER** |

Petitioner Johnathan Ian Burns has filed a motion to "temporarily lift[ ] the stay" of this case, in order to seek discovery (Doc. 101) and has separately lodged a proposed "motion for leave to conduct discovery" (Doc. 102). Because this Court need only lift the stay *if* it grants Burns leave to file his lodged motion for leave to conduct discovery, the Court construes the motion to temporarily lift the stay (Doc. 101) as asking the Court to lift the stay *if* it grants Burns leave to file his lodged discovery motion. Respondents oppose lifting the stay or granting leave to file the lodged motion. (Doc. 104.) For the reasons below, the Court will deny Burns leave to file his lodged discovery motion and will deny leave to lift the stay as moot.

**I.   BACKGROUND**

Burns was sentenced to death for first-degree murder and to prison for kidnapping, sexual assault, and misconduct involving weapons. *State v. Burns* (*Burns I*), 344 P.3d 303, 313, ¶¶ 7–8 (Ariz. 2015). On direct appeal, the Arizona Supreme Court affirmed his convictions and sentences, denying a claim that Juror 11 had engaged in misconduct. *Id*. at

328–30, ¶¶ 112–23. On postconviction review (PCR), the trial court denied relief on Burns's claims, including one based on *Simmons v. South Carolina*, 512 U.S. 154 (1994).[1] (4/4/19 Minute Entry, 94734785.PDF.) The Arizona Supreme Court denied review (6/30/21 Minute Letter); Burns then filed a petition for certiorari challenging the denial of his *Simmons* claim, *see Burns v. Arizona* (*Burns II*), 143 S. Ct. 997 (2023) (mem.).

In late 2022, while his certiorari petition was pending, Burns filed his amended habeas corpus petition in this Court. (Docs. 1 and 47.) As relevant here, in his amended petition, Burns raised as Claim 1, the Juror 11 misconduct claim (Doc. 47 at 12–17); as Claim 2, misconduct of three other jurors (*id.* at 17–23); as Claim 13, the State's failure to disclose impeachment evidence (*id.* at 119–33); and as Claim 19, his *Simmons* claim (*id.* at 176–79).

Claims 2 and 13 were not raised in state court. Because a habeas claim left unraised in the state courts risks procedural default on federal habeas review, *see Gray v. Netherland*, 518 U.S. 152, 161–62 (1996), Burns moved to stay this habeas case while he raised these claims in state court (Doc. 48). While Burns's stay motion was pending, the Supreme Court granted Burns certiorari, vacated the denial of PCR relief, and remanded Burns's *Simmons* claim for review on the merits. *Burns II*, 143 S. Ct. 997. This Court later granted the stay motion and required Burns to file periodic status reports concerning the state court proceedings. (Doc. 86, sealed.)

The trial court reopened Burns's original PCR, the State moved to affirm the prior denial of Burns's claims for relief, and Burns moved to add claims to his PCR petition. (Doc. 103 at 1–2.) The court affirmed its previous denial of all but the *Simmons* claim and denied leave to add new claims to the original PCR petition, noting that Burns could raise new claims in a successive PCR petition. (*Id.* at 2–3.) Burns did just that by filing a successive PCR petition, raising Claims 2 and 13, as well as a Confrontation Clause claim

---

[1] *Simmons* holds that when a capital defendant's future dangerousness is at issue and state law bars his release on parole, due process entitles him to inform the jury, through argument or jury instruction, that he would be ineligible for parole if not sentenced to death. 512 U.S. at 156, 177–78; *see Cruz v. Arizona*, 598 U.S. 17, 21 (2023).

not included in the amended habeas petition. (*Id*. at 3.) In June 2025, the trial court denied the *Simmons* claim on the merits, i.e., Claim 19 in the amended petition, and denied the three claims included in the successive PCR petition as successive and untimely. (*Id*.) Burns has since filed a petition for review in the Arizona Supreme Court, which remains pending. Active Cases, https://perma.cc/5N9X-YNNE. Burns also filed his lift-of-stay motion, which is fully briefed, and lodged his discovery motion. (Docs. 101–02 and 104–05.) In his discovery motion, Burns seeks discovery in support of Claims 1, 2, 13, and the Confrontation Clause claim; he notes that he will make future discovery requests. (Doc. 102.)

## II.  DISCUSSION

The outcome of the lift-of-stay motion boils down to whether the Court should grant Burns leave to file the lodged discovery motion. In terms of the Confrontation Clause claim, the Court will deny leave to file, as Burns did not raise it in his amended habeas corpus petition. *See Bridges v. Adams*, No. CIV S-08-2316 JAM GGH P, 2009 WL 530356, at *3 (E.D. Cal. Mar. 2, 2009) (denying discovery request for an "actual innocence claim," in part, because the claim was "not raised" in a habeas petition). Burns otherwise argues there is good cause to grant discovery in support of Claims 1, 2, and 13. (Doc. 101 at 3–9.) Respondents contend that the Court should deny leave to file the discovery motion as premature under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). (Doc. 104 at 1–5). Because this case commenced after the AEDPA's enactment, the Court considers Burns discovery request in light of the AEDPA. *See Lindh v. Murphy*, 521 U.S. 320, 327, 336 (1997).

### A.  Discovery in Habeas Corpus Cases under the AEDPA

A habeas petitioner is not allowed discovery as a "matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Under Rule 6(a) of the Rules Governing § 2254 Cases, a federal court "may" grant discovery for "good cause" shown. Rule 6(a) Governing § 2254 Cases. The 1996 enactment of the AEDPA amended § 2254, and the determination of good cause for discovery. *See*, *e.g.*, *Isaacs v. Head*, 300 F.3d 1232, 1249–50 (11th Cir.

2002) (applying AEDPA to the "good cause" analysis); *Charles v. Baldwin*, No. CV-97-380-ST, 1999 WL 694716, at *2–3 (D. Or. Aug. 2, 1999) (noting that the AEDPA "altered the discovery allowable" in a habeas case). Congress enacted the AEDPA to decrease delays, *Woodford v. Garceau*, 538 U.S. 202, 206 (2003), and to "further the principles of comity, finality, and federalism," *Williams v. Taylor*, 529 U.S. 420, 436 (2000). Section 2254(b)(1) and (d) of the AEDPA advance these goals. *Shoop v. Twyford*, 596 U.S. 811, 818 (2022); *Greene v. Lambert*, 288 F.3d 1081, 1088 (9th Cir. 2002).

Under § 2254(b)(1), a federal habeas court may not consider a habeas petition containing claims exhausted in state court and claims unexhausted in state court. i.e., a mixed petition. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991). A claim is not exhausted until it has been raised in the state's highest court,[2] *see O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999), to afford the state courts the "first opportunity to correct federal constitutional errors and minimizes federal interference and disruption" of state court cases, *Rose v. Lundy*, 455 U.S. 509, 514 (1982).

When a claim is raised, but barred, in state court on "adequate and independent state law grounds," the claim becomes procedurally defaulted, unreviewable by a federal habeas court, *Dretke v. Haley*, 541 U.S. 386, 392 (2004), unless either (1) "cause for the default" and "actual prejudice" from the breach of federal law is established, or (2) the "failure to consider the claim[]" would result in a "fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. Under the AEDPA, discovery is unavailable for an unexcused procedurally defaulted claim. *See*, *e.g.*, *Ellison v. Thornell*, 721 F.Supp.3d 820, 985–86 (D. Ariz. 2024) (denying discovery in support of unexcused procedurally defaulted claims).

Section 2254(d) governs this Court's review of a claim when a state court resolved

---

[2] Unlike in death penalty cases, an Arizona petitioner sentenced to less than the death penalty may exhaust his federal claims by presenting them in a procedurally proper way to the Arizona Court of Appeals on direct appeal or in PCR proceedings, without seeking discretionary review in the Arizona Supreme Court. *Crowell v. Knowles*, 483 F. Supp. 2d 925, 928-30, 933 (D. Ariz. 2007) (following 1989 statutory amendment, Arizona Court of Appeals has jurisdiction over criminal convictions involving less than a death sentence); *cf. Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999) (citing pre-1989 statute).

the claim on the merits. Under § 2254(d), a federal habeas court may not grant the writ on such a claim, unless (1) the state court's denial of the claim was "contrary to, or involved an unreasonable application of, clearly established" Supreme Court law, or (2) the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *see Pizzuto v. Yordy*, 947 F.3d 510, 523 (9th Cir. 2019) (quoting § 2254(d)). When a state's highest court summarily affirms the denial of relief on the merits by a lower court, a federal habeas court reviews a claim based on the "last reasoned state[-]court decision." *Pizzuto*, 947 F.3d at 523.

Section 2254(d) review is limited to the record that was before the state court. *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (§ 2254(d)(1) review); *Gulbrandson v. Ryan*, 738 F.3d 976, 993 n.6 (9th Cir. 2013) (§ 2254(d)(2) review). Unless a claim denied on the merits by the state court satisfies either § 2254(d)(1) or (2) based on the state court record, a discovery request cannot be granted. *Pinholster*, 563 U.S. at 185; *Runningeagle v. Ryan*, 686 F.3d 758, 773–74 (9th Cir. 2012).

**B.     Analysis**

In light of § 2254(b)(1) and (d), as well as the law of procedural default, leave to conduct discovery may only be granted if this Court determines that a subject claim is either not procedurally defaulted, that any procedural default is excused, or that the state court denied the claim on the merits and the claim meets § 2254(d)(1) or (2). *See Runningeagle*, *supra*; *Ellison*, *supra*. If it cannot presently make either determination, a federal habeas court will deny leave to file the lodged motion as premature. *See Twyford*, 596 U.S. at 818, 821 (confirming that a federal habeas court "must consider" each AEDPA requirement before permitting evidentiary development).

Claim 1 was raised and denied on the merits by the Arizona Supreme Court on direct appeal. *Burns I*, 344 P.3d at 328–30, ¶¶ 112–23. Thus, it is exhausted and may be reviewed under § 2254(d). *See Coleman*, 501 U.S. at 731. Claims 2, 13, and 19, however, are currently unexhausted. They were raised on PCR in the original or successive PCR petition,

and the state trial court denied them. (Doc. 103 at 3.) The trial court expressly denied Claims 2 and 13 as successive and untimely and denied Claim 19, the *Simmons* claim, on the merits. (*Id.*) The parties do not appear to dispute that these three claims are now before the Arizona Supreme Court in a petition for review; as to each of these claims, the Arizona Supreme Court may deny review, grant review and affirm, or grant review and reverse. *See* https://perma.cc/5N9X-YNNE. Because these three claims have not yet been decided by the Arizona Supreme Court, they are not currently exhausted. *See O'Sullivan*, 526 U.S. at 848.

As to Claims 2, 13, and 19, whether the Arizona Supreme Court will deny review, grant review and affirm, or grant review and reverse is currently unknown. Consequently, it is premature for this Court to attempt to determine whether these claims are procedurally defaulted and whether any default is excused, or whether they are subject to review under § 2254(d). *See*, *e.g.*, *Ellison*, 721 F.Supp.3d at 985–86. And it would be speculative, and improper, to make assumptions about how the Arizona Supreme Court will rule. Nor can the Court use the trial court's ruling as the last-reasoned, state-court decision for Claims 2, 13, or 19, so long as the Arizona Supreme Court might grant review. *See Pizzuto*, 947 F.3d at 523. Under these circumstances, the Court will deny Burn's motion for leave to file his discovery motion as premature.

Citing *Twyford*, 596 U.S. at 818, Burns argues that granting him leave to file his lodged discovery motion and resolving that request now would further the AEDPA's goals to avert avoidable delay of this case while the PCR case remains pending in state court. (Doc. 101 at 6–7.) In *Twyford*, the United States Supreme Court noted that habeas proceedings should not be unnecessarily prolonged. 596 U.S. at 820. But it held that, "consistent with [the] AEDPA," a federal habeas court must first resolve whether "new evidence" may be considered under § 2254(e), before admitting such evidence. *Id*. at 819–20 (quoting *Ramirez*, 596 U.S. at 318). Section 2254(e) requires a federal court to "presume correct" the state court's factual findings *unless* that presumption is rebutted by clear and convincing evidence. *See Hernandez v. Small*, 282 F.3d 1132, 1135 n.1 (9th Cir. 2002). In

addition, the Supreme Court emphasized that a federal court "must consider" *each* AEDPA requirement *before* permitting evidentiary development. *Id*. at 821.

Burns cites no authority to support that this Court may bypass AEDPA requirements to grant him leave now to conduct evidentiary development in support of claims that are currently pending in state court.³ At this juncture, whether, and what new evidence might result *if* Burns were granted leave to file his discovery motion now, is speculative and premature.

Alternatively, Burns seeks leave in the lodged motion to depose three jurors, as well as Norman Wade, the former chief toxicologist for the Maricopa County Medical Examiner's Office, in connection with Claims 1, 2, and 13, in order to preserve such evidence, under Federal Rule of Civil Procedure 27(a), *should* this Court later determine that such testimony may be admitted in support of those claims.⁴ (Doc. 101 at 8–9; Doc. 102.) Rule 27(a) allows a person to request a court order to depose individuals, in order to "perpetuate their testimony," when such perpetuation "may prevent a failure or delay of justice." Fed. R. Civ. P. 27(a)(1) and (3). Thus, "one who expects" to become a party to an action may use Rule 27(a) to "preserve important testimony that might otherwise be lost." *Martin v. Reynolds Metals Corp.*, 297 F.2d 49, 55 (9th Cir. 1961). It is therefore used to preserve known evidence in the form of testimony, rather than to discover potential new evidence. *See State of Nev. V. O'Leary*, 63 F.3d 932, 933–36 (9th Cir. 1995); *Stanley v. Ayers*, CV 07-04727, 2018 WL 2463383, at *6 (N.D. Cal. June 1, 2018) (petitioner failed to cite authority suggesting that "Rule 27 discovery" may be ordered when a mixed petition is pending, distinguishing cases where Rule 27 discovery was allowed in connection with

---

³ Nor, as asserted by Burns, does *Bracy*, 520 U.S. at 902, alter this court's conclusions. *Bracy* applied Rule 6(a) under pre-AEDPA law. *See Pham v. Terhune*, 400 F.3d 740, 741–42 (9th Cir. 2005) (post-AEDPA application of Rule 6(a)); *see also Lindh*, 521 U.S. at 327 and 336; *Charles*, 1999 WL 694716, at *3 (distinguishing *Bracy* because *Bracy* did not involve the "initial hurdle posed by [the] AEDPA").

⁴ To the extent that Burns seeks to depose Wade in connection with the Confrontation Clause claim not included in the Amended Petition, leave to depose will be denied as moot.

- 7 -

exhausted petitions).

Burns argues that the application of Rule 27(A) in *Calderon v. United States District Court for the Northern District of California*, 144 F.3d 618 (9th Cir. 1998), extends to his deposition requests. (Doc. 101 at 8–9.) *Calderon*, a pre-AEDPA case, involved a death-row prisoner who raised "exhausted and unexhausted claims" in a habeas corpus petition. 144 F.3d at 619. The district court let petitioner delete the unexhausted claims, agreed to hold the amended petition in abeyance while he "exhausted his unexhausted claims in state court," and "directed" him to "file a second amended petition" with the "newly exhausted claims." *Id.* at 619–20. The court also granted petitioner's motion to depose a witness "relate[d] to an unexhausted claim" under Rule 27(a), finding "good cause and the need to perpetuate" that testimony. *Id.* at 620.

On appeal, the Ninth Circuit found the order lawful. *Id.* at 621. It explained that discovery requests should be denied when a habeas corpus petition contains "exhausted and unexhausted claims," but that the petitioner's operative petition contained "only exhausted" claims. *Id.* In essence, the Ninth Circuit held that Rule 27(a) does not apply to mixed petitions.[5] *See Stanley v. Ayers*, No. 07-cv-04727-EMC, 2018 WL 2463383, at *6 (N.D. Cal. June 1, 2018) (petitioner failed to cite authority suggesting that "Rule 27 discovery" may be ordered when a mixed petition is pending, citing and distinguishing *Calderon*, 144 F.3d at 621). Because the petition in *Calderon* only had exhausted claims, the Ninth Circuit assessed whether the district court had reversibly erred in granting the Rule 27(a) request. 144 F.3d at 621. It found that while the requested deposition concerned

---

[5] In *Calderon*, the Ninth Circuit described Rule 27(a) as a form of discovery. 144 F.3d at 621. This description appears to contradict the Ninth Circuit's statement in *O'Leary* that Rule 27(a) is not used for discovery. 63 F.3d 932, 933–36. This apparent contradiction does not impact this Court's finding that the lodged discovery motion is premature. *Calderon*'s holding that Rule 27(a) does not apply to mixed petitions is the rule of law in the Ninth Circuit, 144 F.3d at 621, and coincides with *Twyford*'s statement that a federal court "must consider" each AEDPA requirement before permitting evidentiary development, 596 U.S. at 821. Regardless of whether Rule 27(a) is a form of discovery, Burns seeks to use Rule 27(a) as a form of evidentiary development.

- 8 -

an unexhausted claim, the district court had "appropriate[ly]" applied Rule 27(a). *Id*. at 621–22.

*Calderon* does not support Burns's request for leave to file. Unlike the operative petition in *Calderon*, Burns's operative petition contains both exhausted and unexhausted claims, and this case is stayed. *Calderon*, moreover, was a pre-AEDPA case and was decided before *Pinholster*, *Twyford*, and *Runningeagle* confirmed that a federal district court must review a habeas claim under § 2254(d) before it resolves a corresponding discovery request. *See Twyford*, 596 U.S. at 818, 821; *Pinholster*, 563 U.S. at 185; *Runningeagle*, 686 F.3d at 773–74. Further, unlike the habeas claim in *Calderon*, the procedural status of Claims 1, 2, and 13 under § 2254(b)(1) and (d), as well as the risk of procedural default, makes resolution of the status of those claims at best speculative for the reasons discussed above.

The Court will deny Burns leave to file his lodged discovery motion and will accordingly deny the motion to lift the stay as moot. The Court anticipates that after the pending state court proceedings conclude, the Court will lift the stay and amend the due date to file a notice of a request to develop the evidence. Burns may then separately seek leave to file a new discovery motion.

Accordingly,

**IT IS ORDERED construing** Burns's lift-of-stay motion (Doc. 101) as a motion to temporarily lift the stay of this case, in order to grant Burns leave to file the discovery motion lodged at Doc. 102, and so construed, **denying** a temporary lift of the stay and **denying** Burns leave to file the lodged discovery motion.

**IT IS FURTHER ORDERED** that Burns's lodged motion for leave to conduct discovery (Doc. 102) **must not** be filed.

//
//
//
//

1  **IT IS FURTHER ORDERED** that starting from the date of his most recent Status Report (Doc. 103), Burns **must** file a report every **90 days** on the status of his state-court proceedings and that within **21 days** of the state-court proceedings' conclusion, Burns **must** move to have this Court lift the stay. Within the motion to leave the stay, Burns **must** propose an amended briefing schedule and include Respondents' position on the proposal.

Dated this 12th day of December, 2025.

_____
Honorable Steven P. Logan
United States District Judge